**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, ILLINOIS UNION INSURANCE COMPANY, and DOES 1 - 100,<br><br>Defendants. | No. 4:08-CV-05686-SBA<br><br>**ORDER GRANTING DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S MOTION FOR A PROTECTIVE ORDER WITHOUT PREJUDICE AND DENYING FEES AND EXPENSES** |

Plaintiff Philadelphia Indemnity ("PIIC") seeks contribution from Defendant Illinois Union for costs that PIIC expended in defending and indemnifying Corinthian Colleges, Inc. and its related schools ("Corinthian") for an underlying suit and arbitration claims. In category 4 of PIIC's Notice of Taking Deposition Duces Tecum ("Category 4"), PIIC seeks to depose the person(s) most knowledgeable at Illinois Union who are able to identify and discuss all lawsuits filed against Illinois Union during the past five years in which it was alleged that Illinois Union, under its Miscellaneous Errors & Omissions policy, had a duty to provide a policyholder a first dollar defense. Illinois Union filed a motion for a protective order with respect to Category 4 of the notice. The Court held a hearing on March 9, 2010. For the reasons stated at the hearing and set forth

below, the Court grants the motion for a protective order without prejudice.

Illinois Union argues that, in interpreting the policy provision, a showing of ambiguity is required before extrinsic evidence may be admitted to shed light on the ambiguity. PIIC argues that it needs discovery related to prior litigation pursuant to Category 4 in order to use that extrinsic evidence to show ambiguity in the policy language. It relies on authority providing that extrinsic evidence may be used to show that apparently clear policy language is actually ambiguous. See Employers Reinsurance Co. v. Superior Court, 161 Cal.App. 4th 906, 919-920 (2008) ("Extrinsic evidence can be offered ... to expose a latent ambiguity. Such evidence is admissible when 'relevant to prove a meaning to which the language of the instrument is reasonable susceptible'"); see also London Market Insurers v. Superior Court, 146 Cal.App. 4th 648, 656 (2007) ("In determining if a provision is ambiguous, we consider not only the face of the contract but also any extrinsic evidence that supports a reasonable interpretation"). Accordingly, PIIC has made a showing that this discovery has some limited potential relevance. At the same time, other lawsuits may turn out not to have involved any similar issues and may not lead to discovery showing latent ambiguities.

However, the Court must limit the extent of discovery when the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(2)(C)(iii). Producing a Rule 30(b)(6) witness would require Illinois Union to review each complaint against it in the last five years, as well as to review the related policies and to prepare a witness, which would be quite burdensome. Thus, although the information sought in Category 4 has some potential relevance, the burden on Illinois Union would be quite disproportionate.

Thus, Illinois Union's Motion for a Protective Order is GRANTED without prejudice to PIIC obtaining some more limited subset of the discovery in Category 4 by some less burdensome means or by more narrowly tailored requests for production. The parties shall meet and confer in an effort to agree on more narrowly tailored discovery requests and a less burdensome means to obtain that discovery.

The parties have both requested that the Court award attorneys' fees and expenses. However, the sanctions requests do not comply with Civil Local Rules 7-1 and 7-8. Therefore, the requests for

2

1 //

3 fees and expenses are DENIED.

4 **IT IS SO ORDERED.**

Dated:   March 19, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge